FILED

2018 JUL 30  PM 1: 35

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD FOOR

                  Plaintiff,    CASE NO.:

      v.                            2:18-cv-524-FtM-99MRM

AMS, INC.,                          JURY TRIAL DEMANDED
a Florida Corporation,

                  Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TODD FOOR ("FOOR" or "Plaintiff"), by and through his undersigned attorney, sues the Defendant, AMS, INC., a Florida Corporation ("AMS" or "Defendant") and states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action against the Defendant, his former employer, for failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 ("FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

3. The Defendant AMS is subject to the personal jurisdiction of the United States District Court because it engages in substantial and not isolated activity within this judicial district.

4. The Defendant AMS is also subject to the personal jurisdiction of the

[1]

United States District Court because it operates, conducts, engages in, and/or carries on business in the Middle District of Florida. Specifically, Defendant has an office location located at 2331 Laurel Ln., Fort Myers, FL 33917, which is the location where Plaintiff performed services for Defendant during the relevant time period.

## FLSA COVERAGE

5. At all times material, Defendant AMS employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

6. At all times material, Defendant AMS had gross sales volume of at least $500,000 annually.

7. At all times material, AMS was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

8. Defendant AMS is an employer covered by the FLSA.

## VENUE

9. Venue is proper in the United States District Court for the Middle District of Florida based upon the following:

    a. The unlawful pay practices alleged herein occurred in North Fort Myers, Florida, in the Middle District of Florida;

    b. At all times material hereto, Defendant AMS was and continues to be a Florida Corporation registered with the Florida Department of Corporations, with a Florida Registered Agent and a license to do business within this judicial district.

    c. Defendant employed Plaintiff in the Middle District of Florida.

## PARTIES

10. At all times material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida.

11. Defendant AMS was, and continues to be, a Florida Corporation engaged in the transaction of business in Lee County, Florida, with its principal place of business located in Pompano Beach, Florida.

12. At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of the FLSA.

13. At all times material hereto, Defendant AMS was and continues to be an "employer" within the meaning of the FLSA.

## STATEMENT OF CLAIM
## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

14. Plaintiff realleges Paragraphs 1 through 13 as if fully stated herein.

15. Defendant hired Plaintiff in or about April 2001.

16. At all times material hereto, Defendant AMS was a roofing installation and service company, specializing in roofing for mobile homes.

17. Plaintiff was hired by the Defendant to work in the position of installer. Plaintiff would install mobile home roofs. Plaintiff was paid on a piece rate basis while he was working as an installer for the Defendant.

18. In or about May 2016, Plaintiff's position with the Defendant changed to Service Technician. Plaintiff was the only Service Technician in the North Fort Myers office. Plaintiff performed manual labor including handling all service calls from Defendant's customers. Plaintiff was paid on an hourly basis as a Service Technician.

19. Plaintiff's employment ceased on or about June 13, 2018.

20. Since Plaintiff's date of hire with Defendant, in addition to Plaintiff's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

21. Plaintiff was entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

22. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

23. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by Defendant's failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when Defendant knew or should have known such was due.

24. As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

25. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

26. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against the Defendant:

    a. Declaring that Defendant has violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in amounts according to

proof;

c. Awarding Plaintiff liquidated damages in an equal amount to unpaid overtime;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: July 30, 2018

Respectfully submitted,

By: /s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Conor P. Foley
Fla. Bar No. 111977
**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL   33901
Phone: (239) 334-7017
Fax:   (239) 236-8008
Email:  Jason@Gunterfirm.com
Email:  Conor@Gunterfirm.com