UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:18-CV-524-FTM-99MRM

TODD FOOR,

       Plaintiff,

vs.

AMS, INC.,

       Defendant.
_____/

### DEFENDANT, AMS INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Defendant, AMS, INC. ("Defendant"), by and through its undersigned counsel, pursuant to applicable Federal Rules of Civil Procedure, and hereby respond to Plaintiff, TODD FOOR'S ("Plaintiff"), Complaint and Demand for Jury Trial as follows:

### NATURE OF ACTION

1. Defendant acknowledges that Plaintiff seeks to bring this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.S §201-219 ("FLSA"). However, Defendant denies that it is liable to Plaintiff, denies Plaintiff is entitled to any relief whatsoever pursuant to the foregoing statutes, and denies the remaining allegations found therein.

CASE NO.: 2:18-CV-524-FTM-99MRM

## JURISDICTION

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

4. Admitted for jurisdictional purposes only.

## FLSA COVERAGE

5. Admitted.

6. Admitted

7. Admitted.

8. Admitted.

## VENUE

9. Admitted, including with regard to subparts a, b, and c, for purposes of venue only.

## PARTIES

10. Defendant is without knowledge, therefore the allegation is denied.

11. Admitted.

12. Admitted.

13. Admitted.

## STATEMENT OF CLAIM
### COUNT I – VIOLATION OF 29 U.S.C.S. §207 (UNPAID OVERTIME)

14. Defendant hereby re-alleges and re-asserts its responses to the foregoing Paragraphs 1 through 13 as though fully set forth herein.

15. Admitted only that Plaintiff was initially hired as an "Installer" at some point prior to March 2002. Defendant further states that Plaintiff was not continuously

employed with AMS, Inc. from the date of his initial hiring through the date of his last active employment with Defendant, on June 14, 2018. All other allegations are denied.

16. Denied as phrased. Defendant states that it is a for profit corporation engaged in the business of exterior home improvement, including but not limited to roofing installation for mobile homes.

17. Admitted only that Plaintiff was hired to work in the position of "Installer," which included, but was not limited to, services such as the installation of mobile home roofing. Admitted that Plaintiff was paid on a piece rate basis while working in the position of an "Installer" for Defendant.

18. Admitted only that on June 24, 2016 Plaintiff switched his position from an "Installer" to a "Service Technician" while employed with AMS, Inc. Plaintiff's responsibilities in the position of "Service Technician" included, but were not limited to, handling customer service calls and follow-up labor requests. While employed as a "Service Technician" with AMS, Inc. Plaintiff was paid on an hourly basis. All other allegations are denied as phrased.

19. Denied as phrased. Admitted only that Plaintiff's last date of active employment with AMS, Inc. was June 14, 2018.

20. Denied.

21. Defendant states that the Fair Labor Standards Act of 1938, 29 U.S.C.S §201-219, speaks for itself.

22. Denied.

23. Denied.

CASE NO.: 2:18-CV-524-FTM-99MRM

24. Denied.

25. Denied.

26. Denied. Defendant further states that 29 U.S.C. § 216(b) speaks for itself.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. Defendant has tendered and/or paid all monies owed to Plaintiff in accordance with all applicable laws.

3. Defendant did not willfully violate the Fair Labor Standards Act. Defendant acted in good faith, reliance upon, and in conformity with, official written administrative recommendations, rulings, approvals, administrative interpretations, practices and/or enforcement policies and procedures of the United States Department of Labor, Wage, and Hour Division, and in fact, possessed a reasonable, good faith belief that any acts or omissions were not in violation of the Fair Labor Standard Act and therefore, any claim for liquidated damages is barred, in whole or in part.

4. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel to the extent he misled Defendant as to the number of hours he actually worked. See e.g., *Merriweather v. Latrese & Kevin Enterprises, Inc.*, 2009 WL 1514640 (M.D. Fla. May 28, 2009).

5. Plaintiff's claims are barred to the extent he seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA. 29 U.S. Code § 203(o).

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 27300 RIVERVIEW CENTER BOULEVARD, SUITE 200 - BONITA SPRINGS, FLORIDA 34134 - (239) 690-7900 (239) 738-7778 FAX

6. Defendant acted in good faith and had reasonable grounds for believing the alleged conduct was not a violation of state or federal law. Although Defendant denies that they owe any overtime wages or other amounts to Plaintiff, if it is determined that overtime wages or other amounts are owed, Plaintiff is not entitled to liquidated damages.

7. Plaintiff's claims are barred, in whole or in part, due to the de minimis doctrine recognized under the FLSA.

8. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to accurately record the number of hours he claims to have worked.

9. Plaintiff's claims are barred, in whole or in part, due to Plaintiff improperly recording or claiming hours he did not actually work, and Defendant is entitled to a set-off for any such improperly recorded or claimed hours.

10. To the extent that Plaintiff obtains any recovery, Plaintiff's entitlement to attorneys' fees should be limited or denied based on reasonableness. See, e.g., *Nipper v. Lakeland Hotel Investors, Ltd.*, 2010 WL 4941718 (M.D. Fla. Nov. 30, 2010).

Defendant reserves the right to assert such other affirmative defenses available pursuant to Federal Rule of Civil Procedure 8(c) and 12(b) as may be revealed through discovery and disclosure in this matter.

WHEREFORE, Defendant, AMS, INC., respectfully requests this Honorable Court enter judgment in their favor and against Plaintiff, and grant such further relief as deemed just and proper.

CASE NO.: 2:18-CV-524-FTM-99MRM

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of August, 2018, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant AMS, Inc.*
Cole, Scott & Kissane Building
27300 Riverview Center Boulevard, Suite 200
Bonita Springs, Florida 34134
Telephone (239) 690-7900
Facsimile (239) 738-7778
Primary e-mail: ron.campbell@csklegal.com
Secondary e-mail: lindsay.lee@csklegal.com

By: s/ Lindsay L. Lee
RON M. CAMPBELL
Florida Bar No.: 827061
LINDSAY L. LEE
Florida Bar No.: 86077

1917.0900-00/11239400